UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JILL AND ALVIN MIESTER                     CIVIL ACTION

VERSUS                                     NO. 06-7559

STATE FARM FIRE AND CASUALTY               SECTION "C" (4)
COMPANY

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Here, the plaintiffs are suing for amounts owed under a homeowner's policy issued by the defendant to the plaintiff regarding property in New Orleans, Louisiana for hurricane-related damages.  The defendant removed this matter on the basis of the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. §§ 1369 and  1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co.,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

In order to remain in federal court in diversity, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant argues that the minimum jurisdictional amount existed at the time of removal because the plaintiffs allege in the petition that the property was "substantially damaged," the contents "a total loss or constructive total loss" and that the petition is "essentially" a claim under Louisiana's Valued Policy law.   (Petition, ¶ ¶ 4 & 6; Rec. Doc. 8, pp. 2 & 3).   Despite the response of the plaintiffs, the Court does not agree with this reading of the petition, which does not reference a valued policy and only seeks payment of the "full amount owed" and "all amounts due" under the policy. (Petition, ¶¶ 8 & 10).   Therefore, the existence of the  jurisdictional minimum is not facially apparent for present purposes.

The plaintiffs state in their memorandum that the replacement value of the home less the roof was calculated at $240,000, that they have been paid $198,800 on their flood insurance policy, and $14,537.73 on their homeowner's policy.  (Rec Doc. 9, p. 2).   The

3

Court finds that the defendant has not met its burden of establishing that the minimum jurisdictional amount existed at the time of removal under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 12th day of March, 2007.

                                    HELEN G. BERRIGAN
                                    UNITED STATES DISTRICT JUDGE